LORENZO EWELL, Respondent, v. THE JOE BOWERS MINING COMPANY, Appellant.

PERSONAL INJURIES—NEGLIGENCE—HOW ESTABLISHED—QUESTION OF NEGLIGENCE—UNDER CONFLICTING EVIDENCE—FOR JURY—VERDICT OF JURY—ON QUESTIONS OF NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE—WHEN CONCLUSIVE ON APPEAL.

1. PERSONAL INJURIES: NEGLIGENCE: HOW ESTABLISHED. Negligence can not be presumed nor the question thereof left to conjecture; it must be established by testimony and may be inferred from it; but it is not necessary for plaintiff to establish negligence by direct and positive testimony, or by eye-witnesses to the transaction; if the testimony establishes facts or circumstances from which negligence may properly and reasonably be inferred, it is sufficient.

2. QUESTION OF NEGLIGENCE: UNDER CONFLICTING EVIDENCE: FOR JURY. Where the question of negligence is the essential fact in the case and is denied, and the evidence is conflicting, or consists of circumstances from which fair and reasonable inferences may be drawn, for or against it, it is within the province of the jury to determine, under proper instructions from the court, whether or not the evidence establishes it as the proximate cause of the injury complained of.

3. VERDICT OF JURY: ON QUESTIONS OF NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE: WHEN CONCLUSIVE ON APPEAL. The questions of negligence of appellant and contributory negligence of respondent having been properly submitted to the jury, their finding thereon is conclusive on appeal.

Decided January 28, 1901.

Rehearing Denied February 21, 1901.

Appeal from the Fifth District Court Juab County.—*Hon. E. V. Higgins*, Judge.

Ewell v. Mining Co.

Action to recover damages for personal injuries received by plaintiff through the negligence of defendant company. From a judgment for plaintiff defendant appealed.

AFFIRMED.

*Messers. Rawlins, Thurman, Hurd & Wedgewood,* and *Messrs. Bennett, Harkness, Howat, Sutherland & Van Cott* for appellant.

There is no evidence in this case to sustain the verdict and the verdict is against law.    Fritz v. Electric Light Co., 18 Utah 493 ; Bailey's Personal Injuries, vol. 1, note p. 162 ; Burgess v. Salt Lake City Railroad Company, 17 Utah 406 ; Spriggs v. Moale, 92 Am. Dec. 698 ; Alexander v. Harrison, 90 Am. Dec. 431 ; Salterville v. Hicks, 57 Am. Dec. 577 ; Heath v. Whitebreast Coal Co., 23 N. W. (Iowa) 148 ; Jidkins v. Maine Cent. Ry. Co., 14 Atl. (Me.) 735 ; Balle v. Detroit Leather Co., 41 N. W. (Mich.) 216 ; Lord v. Pueblo Smelting and Refining Works, 21 Pac. (Colo.) 148 ; McGlynn v. Bordie, 31 Cal. 376 ; Mooney v. Lower Vein Coal Co., 8 N. W. (Iowa) 144 (652) ; Morrison v. Phillips and Colby Construction Co., 44 Wis. 411 ; Trappell v. City of Red Oak (Iowa), 39 N. W. Rep. 884 ; Cosgrove v. Pitman, 103 Cal. 273 ; Asbach v. Chicago, B. & Q. Ry. Co., 37 N. W. Rep. (Iowa), p. 183 ; Carruthers v. Chicago, R. I. & P. Ry. Co., 40 Pac. Rep. 915 ; United States v. Ross, 92 U. S. 283.

"Negligence, when relied upon, must be proved.    It may be inferred from facts proved, but never from mere conjecture." Hewitt v. F. & P. M. R. R. Co., 67 Mich. 61 ; Quincy Mining Co. v. Kitts, 42 Mich. 41 ; Redmond v. Delta Lumber Co., 55 N. W. Rep. (Mich.), p. 1004 ; Sherman v. Menominee River

Lumber Co., 77 Wis. 22, 45 N. W. 1079; Gores v. Graff, 77 Wis. 184, 46 N. W. 48.    See, also, Dobbins v. Brown et al., 119 N. Y. 188; Mitchell v. Turner, 147 N. Y. 39; Philadelphia, etc., R. Co. v. Henrice, 92 Pa. St. 434; Gillespie v. McGowan, 100 Id. 144; Northern Central R. Co. v. State, 54 Md. 113; Cochran v. Densmore, 49 N. Y. 249; Baulec v. Railroad Co., 59 N. Y. 357; Hayes v. Railroad Co., 97 N. Y. 259; Rupert v. Ry. Co., 154 N. Y. 90; Fitzgerald v. Ry., Id. 263; Kinnesson v. Ry., 188 Mass. 1; Clare v. Ry., 167 Id. 39; Irmin v. Alley, 158 Id. 249.

*D. D. Houtz, Esq.,* and *Messrs. Powers, Straup & Lippman,* for respondent.

"Whether negligence can be inferred from the evidence is for the determination of the court, but whether it ought to be inferred is a question for the jury."    Pachero v. Judson Mfg. Co., 113 Cal. 545; McCurrie v. So. Pac. R. R., 122 Cal. 558; Linden v. Anchor Mine, 20 Utah 134; 58 Pac. 358, and cases there cited; Reese v. Morgan Mining Co., 17 Utah 489; 49 Pac. 824, and cases there cited.

PER CURIAM.—The plaintiff Ewell brought this action to recover damages for an injury received by him while employed in the defendant's mine in the month of May, 1899. Plaintiff's evidence tends to show that at the time of the accident he was working on the 270 foot level; that a drift had been run south on the vein about sixty feet, and above this the ore had been stoped from the shaft, and the drift was timbered over and filled in from above, but there was left two openings from the level upwards into the stope.    One of these openings was near the shaft, and the other about forty-five feet further in. This latter opening was about five feet square, just above the

drift, and as it continued upwards about fifteen feet it widens to about six feet and about fifteen feet lengthwise with the drift. The filling slants down to the small opening immediately above the drift. This aperture opens above the drift into the stope, and is called "The Hole," to designate it from the stope, where the waste had not been filled in. No planks or means were provided for covering up the "hole." The planks and covers formerly used for covering it had been taken away about a month or more, by order of the foreman. Below this "hole" a platform had been laid on the floor of the drift to catch the ore shovelled down the "hole" from above, so it could be sorted. There was lagging on one side of the "hole" to the top about thirty feet; on the other side it was lagged for about ten feet. Above the lagging the "hole" spread out about fifteen feet from the lagging back to the wall. In this fifteen feet there was nothing but stulls to hold the walls apart. At this point the hanging walls were, as witnesses expressed it, "blocky" and "scarry," and would drop off and come down to the bottom of the level, where there was a platform for sorting it. The hanging walls were of porphyry, and, on exposure to the air, for a time, would drop off unless properly timbered. The stulls that had been put in would not hold the ground after it had been exposed to the air three or four weeks. The foreman informed the superintendent of the mine before the accident that the stulls were not sufficient to hold the ground, and asked him if he would put in a chute; that the walls were unsafe, and that it was caving around the stulls. The superintendent replied, in substance, that he did not think it necessary to put in a chute; that he should put in more stulls. It also appears that in order to hold the ground and make it safe, it was necessary to put in square sets or chutes, and fill in around the chutes. There was no lagging on the hanging walls, and the rock had "slabbed" off and fallen down in places. If anything fell off from the hanging

walls it would go down to the bottom of the 270 foot level on the platform for sorting ores.

On the day of the accident plaintiff (the respondent) was working in the stope about fifteen feet from the opening. On this side the "hole" had been lagged up and the filling stoped upwards towards the place where he was working. At 11:30 A. M. plaintiff "put off a shot" about fifteen feet north from the "hole." Part of the ore broke loose and rolled down on the platform below, and the balance was shoveled down by the respondent. Respondent says that he shoveled the waste and everything of that kind down the "hole" before he commenced sorting the ore after dinner. The testimony on this subject, however, is contradictory. After this, respondent states, he went to dinner on the 270 foot level. After dinner the shift boss directed respondent to sort the ore that had been thrown down and which lay on the platform under the "hole." While so employed stooping over the pile of ore on the platform, a rock fell from above and struck him upon the head inflicting a serious injury. The shift boss saw the rock strike the respondent on the head, and he immediately pulled him from under the "hole." He says that right away after the respondent was struck there was some ore came down; "that he was afraid he would get the contents of the rest of it, and he pulled him out as quickly as possible;" that he saw hanging wall material and porphyry on the platform immediately after the respondent was struck, also some ore. He says, also, that it was the same looking stuff and material as the hanging walls from the "hole" above.

Upon this statement of facts the appellant contends that the evidence is insufficient to sustain the verdict or to show negligence on the part of the appellant. It is true that no witness gave testimony that he saw the place where the rock that struck respondent came from. Nor does any witness

testify that he saw it come from the hanging wall of the "hole" in question. But the evidence tends to establish the fact that the rock fell and hit the respondent on the head. This rock was like the material on the hanging wall above, which was loose, and which had fallen at several intervals of time prior to this time, so that the wall was considered dangerous, and it was necessary that it should be stulled or to have square sets of timber placed therein to make it safe. This timbering was not done although the attention of the superintendent was called to the unsafe condition of the walls prior to the accident. There was no covering provided for the "hole" above to prevent the ore or rock from falling below. It also appears that if the rock and porphyry lining the sides of the hanging wall fell, it would fall to the platform at the bottom of the "hole" where the foreman directed the respondent to work. The hanging walls were of such a character as to be affected by contact with the air, and thereby rendered unsafe, unless they were properly timbered.

It is true that negligence can not be presumed, nor the question thereof left to conjecture. It must be established by testimony, and may be inferred from it. But, it was not necessary for the respondent to establish negligence by direct and positive testimony, or by eye witnesses to the transaction. If the testimony establishes facts or circumstances from which negligence may properly and reasonably be inferred, it is sufficient. Where the question of negligence is the essential fact in the case and is denied, and the evidence is conflicting, or consists of circumstances from which fair and reasonable inferences may be drawn, for or against it, it is within the province of the jury to determine, under proper instructions from the court, whether or not the evidence establishes it as the proximate cause of the injury complained of. Wilson v. Southern Pac. Co., 62 Cal. 172.

The appellant alleges in its answer, that the respondent was guilty of contributory negligence. On this issue it was incumbent upon the respondent to prove by facts and circumstances, or both, that the appellant had by some negligent act, or omission, violated some duty imposed upon it by reason of which the injury was inflicted. The appellant could show under its pleadings that the respondent was guilty of some contributory negligence or want of care which caused, or was the proximate cause of the injury.

The question of the negligence of the appellant and the contributory negligence of the respondent, and all the facts in the case were properly submitted to the jury, and they found the issues in favor of the respondent. This finding on the testimony in the case is conclusive on appeal, and can not be disturbed by this court. This has been the uniform ruling of this court.

The appellant also assigns error in the refusal of the court to instruct the jury as requested, and in the charge of the court.

We have carefully examined the court's instructions to the jury, and find no reversible error therein. Such of the appellant's requests as were proper were covered by the charge of the court.

Several errors are also assigned upon the admission and rejection of testimony. We find no reversible error under such assignment.

Upon the whole record we find no reversible error. The judgment of the district court is affirmed, with costs. *Miner, C. J., Baskin, J.,* and *Cherry, District Judge,* concur.